```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


SYLVIA JAMES,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )      1:14CV401
                                 )
UNC HOSPITALS,                   )
                                 )
          Defendant.             )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's Application to proceed as a pauper solely for the purpose of allowing consideration of a recommendation of dismissal.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides (in relevant part) that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)). Review for frivolousness includes consideration of whether a

2

complaint, on its face, qualifies as untimely in light of the applicable statute of limitations. See Nasim, 64 F.3d at 955-56.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead
(continued...)

## DISCUSSION

The instant Complaint states that Plaintiff "wish[es] to refile case # 1:10cv599 with adjustments." (Docket Entry 2 at 2.) In that case, Plaintiff alleged that Defendant sterilized Plaintiff "through use of immunologic methods without [her] knowledge and consent and [gave her] AIDS and [Defendant thereafter] refus[ed] to treat [Plaintiff] for AIDS." James v. UNC Hosp., 1:10-cv-00599, Docket Entry 2 at 6. More specifically, the complaint in that case asserted that Plaintiff "went to the hospital to get artificial inseminations . . . ." Id. Plaintiff allegedly "got consecutive monthly inseminations for more than a year [starting in late 1990] without getting pregnant. Finally [her] doctor said that it had not worked so it didn't seem like it was worth while to try any further." Id. at 7. Ultimately, the complaint alleged that Plaintiff came across an article from 1978 concerning immunologic contraception and the risk of AIDS. Id. at 11. It further asserted that, "when [Plaintiff] read through the paper, [she] could not help but know that [she] was sterilized through immunologic methods when [she] was supposed to be getting inseminated to have a baby." Id.

---

[1](...continued)
'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

The Court dismissed Plaintiff's complaint in that case "because the [C]ourt ha[d] no jurisdiction, the required Rule 9(j) certification [necessary to initiate a medical malpractice suit] ha[d] not been provided, and the short and plain statement requirement of the federal rules [wa]s violated . . . ." James, 1:10-cv-00599, Docket Entry 5 at 1; see also James, 1:10-cv-00599, Text Order dated Aug. 6, 2010 (denying Plaintiff's application to proceed as a pauper for same reasons).

The instant Complaint alleges that Plaintiff "now realize[s] that [her alleged sterilization] was intentional and not by mistake because [Defendant] did not give [her] a copy of the agreement [they] made as if [Defendant] wanted there to be no record of [their] agreement." (Docket Entry 2 at 2.) The Complaint goes on to (more briefly) describe the same circumstances alleged in the prior case, although it does not contend that Defendant gave Plaintiff AIDS. (See id. at 2-6.) It also alleges that the doctors sterilized Plaintiff because of "racial hatred" (id. at 6) and that a "nurse told [Plaintiff] that since [she] was Black, [she] could only be inseminated with sperm from a Black man . . . [because Defendant] do[es] not mix the races" (id. at 4). Although the Complaint references only "Federal Question" under the section of the Complaint titled "JURISDICTION" (id. at 1), it apparently alleges claims pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment substantive due process and/or

5

equal protection rights.[2] The Complaint further requests that "the Court [] order [Defendant] to pay [Plaintiff] 100,000 dollars." (Id. at 7.)[3]

As a preliminary matter, the facial untimeliness of the Complaint renders it frivolous. A three-year statute of limitations applies in this case. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in Section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to Section 1983 actions); N.C. Gen. Stat. § 1-52 (establishing three-year statute of limitations for personal injury). "'Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" Brooks, 85 F.3d at 181 (quoting Nasim, 64 F.3d at 955); see also id. (noting that, "[a]lthough the applicable state statute of limitations supplies the length of the

---

[2] In a later, substantially identical complaint brought by Plaintiff against the same Defendant, the "JURISDICTION" section reads: "Violation of Civil Rights, 42 U.S.C. § 1983." See James v. UNC Hospitals, 1:14-cv-00469, Docket Entry 2 at 1.

[3] The Complaint states that "the information [Plaintiff has] given the [C]ourt was written by medical doctors and written in medical journals for medical doctors and by medical doctors." (Docket Entry 2 at 6.) Plaintiff filed a number of documents with her complaint in her 2010 case. See James, 1:10-cv-00599, Docket Entries 2-1 – 2-15. She did not, however, file any such documents in the instant case. (See Docket Entries dated May 14, 2014, to present.)

limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law"). "[F]or a cause of action to accrue, it is critical that the plaintiff know that he has been hurt and who inflicted the injury. Once imputed with that knowledge, the plaintiff is on inquiry notice . . . ." Nasim, 64 F.3d at 955.

In the instant case, Plaintiff's Complaint does not specify exactly when she discovered the alleged harm. (See Docket Entry 2 at 2-6.) However, she clearly knew of her alleged sterilization when she filed her first lawsuit in August of 2010. See James, 1:10-cv-00599, Docket Entry 2 at 6, 11. Giving Plaintiff the maximum benefit of the doubt by assuming that she filed her first lawsuit the same day she discovered the harm, and even assuming the first lawsuit halted the accrual of Plaintiff's claims, the statute of limitations period began to run on January 28, 2011, at the time the Court dismissed her first lawsuit. Plaintiff dated the instant Complaint May 11, 2014, over three months past the three-year limit. (Docket Entry 2 at 7.) The fact that Plaintiff's instant Complaint alleges that she "now realize[s] that [the purported sterilization] was intentional and not by mistake" (Docket Entry 2 at 2) does not reset the clock. See Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992) (recognizing, for purposes of determining accrual date, "the 'injury' as the thing to be discovered, not that the defendant's state of mind or breach of

duty may legally entitle the plaintiff to recover damages" and finding that "'discovery rule' tolls a statute of limitations until the plaintiff has, or ought to have, answers to two questions: Am I injured? Who injured me?"). The statute of limitations therefore bars Plaintiff's claims.

Furthermore, the instant Complaint fails as a matter of law because Defendant, as a state agency, does not represent a proper defendant in a Section 1983 action. See Howard v. U.N.C. Health Care Sys., No. 1:10-CV-47, 2010 WL 6111630, at *4 (M.D.N.C. Sept. 7, 2010) (unpublished), recommendation adopted, 2011 WL 941495 (M.D.N.C. Mar. 7, 2011) (unpublished), aff'd, 444 F. App'x 666 (4th Cir. 2011). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . ." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). States and state agencies thus do not constitute "persons" subject to suit under Section 1983, id. at 67-71, and, for this reason, Plaintiff's instant action against Defendant cannot proceed.

Even if Plaintiff timely filed the instant Complaint and named an appropriate defendant(s), dismissal would remain appropriate based on the Complaint's factual frivolousness, i.e., it involves "allegations that are fanciful, fantastic, and delusional," Denton

8

v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted), and/or "the facts alleged rise to the level of the irrational or the wholly incredible," id. at 33. For example, the Complaint asserts as follows:

> I had filed for bankruptcy in May of 1990 and the hospital was one of the creditors I had listed in my bankruptcy case. The hospital did not make any complaints to me about my bill when I asked to be inseminated to have a child later that same year.
>
> Now I realize that they did not say anything about my bill because they were not trying to help me have a baby, they were sterilizing me against my will and without my knowledge. This is sexual assault. It is also using me as a slave.
>
> . . .
>
> The doctors murdered my fetus. And they tried to murder me.
>
> This is also a serious situation because they rendered me extinct. I had never been pregnant before and they knew that. They knew how important it was to me to have a child. But obviously they hated me and did not want another me walking around on earth. It is obvious that they do not want to inseminate Black women to help them get pregnant. Also, although I know white women who have gotten pregnant through insemination and had babies, I have never known a Black woman who has gotten pregnant through the insemination process.

(Docket Entry 2 at 3-5.)[4]

---

[4] In addition to the Complaint, Plaintiff filed a letter with the Court which states in full:

> I wish to file criminal charges against UNC Hospitals. The criminal charges are given in the civil case I filed against UNC Hospitals in case # 1:10-cv-00599.
>
> I am a vampire and I know that there are others like me.
> (continued...)

After carefully considering these matters and employing common sense, the undersigned Magistrate Judge concludes that Plaintiff's Complaint reflects nothing more than "fanciful factual allegation[s]." Neitzke, 490 U.S. at 325. In sum, the Complaint

> present[s] irrational and illogical claims which fail to provide any comprehensive factual basis and, therefore, are wholly incredible. [It] presents no plausible underlying factual basis for [its] conclusory factual assertions, and [the] allegations appear to be based only on [Plaintiff's] perception of events which have occurred in [her] life.

Walters v. Leahy, No. CV 12-184-M-DLC-JCL, 2013 WL 66926, at *3 (D. Mont. Jan. 4, 2013) (unpublished). The Court therefore should dismiss Plaintiff's claims as frivolous.

## CONCLUSION

The statute of limitations bars Plaintiff's Complaint. Moreover, the Complaint names a Defendant not subject to liability under Section 1983 and presents frivolous allegations.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

---

[4](...continued)
It is against the law to kill a vampire. I work for the United States Army.

(Docket Entry 4 at 1.)

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and/or for failure to state a claim.

          /s/ L. Patrick Auld
              **L. Patrick Auld**
       **United States Magistrate Judge**

July 2, 2014